**SO ORDERED.**

**SIGNED this 06 day of March, 2012.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

| | |
|---|---|
| **GRAYDON STEPHENSON** and **LAURA STEPHENSON**, | CASE NO. 12-00357-8-JRL |
| | CHAPTER 7 |
| DEBTORS. | |

IN RE:

| | |
|---|---|
| **ACCESS ENTERPRISES, INC.**, | CASE NO. 12-00360-8-JRL |
| DEBTOR. | CHAPTER 7 |

### ORDER

This matter came before the court on Camp Flintlock, Inc.'s ("movant") emergency motion for relief from the automatic stay. A hearing was held on January 23, 2012 in Raleigh, North Carolina to consider the motion.[1]

### BACKGROUND

On March 12, 2008, the movant filed a civil action in Johnston County Superior Court

---

[1] The court allowed the debtors seven days following the hearing to supplement their response. The debtors filed two motions to extend time to file the supplement, which were granted on February 2, 2012 and February 27, 2012. The debtors filed the supplement to their response on February 27, 2012.

("trial court") against Graydon Stephenson, Laura Stephenson, and Access Enterprises, Inc.[2] (collectively "debtors"), alleging various claims, including fraud, constructive fraud, conversion, and unfair trade practices.[3] On the same day, a temporary restraining order was issued, requiring the debtors to refrain from using various forms of the movant's intellectual property. Several weeks later, a hearing was held on this matter, and the trial court issued a preliminary injunction.[4] On May 7, 2008, the debtors filed an answer and asserted various counterclaims against the movant. On August 26, 2009, the trial court entered an order compelling discovery and specifically ordering the defendants not to destroy documents or alter their business computer database in any fashion.

After an extended discovery schedule, on March 4, 2011, the movant filed a motion for contempt, alleging among other things that the debtors violated the preliminary injunction by continuing to use the movant's name on websites and other advertisements. That same day, the movant also filed a motion for discovery sanctions for intentional destruction of evidence, alleging that the debtors violated the order compelling discovery by allowing a software program to remove information from the debtors' hard drive. A hearing was held on May 16, 2011 to

---

[2] Access Enterprises, Inc. is a North Carolina corporation, formed and wholly owned by Graydon and Laura Stephenson.

[3] Essentially, these claims were based on the debtors' unauthorized use of the movant's corporate names, trade name, customer lists, event lists, proprietary material, and other intellectual property.

[4] Specifically, the trial court enjoined the debtors "from any further business activity utilizing the Camp Flintlock name or the campflintlock.com domain, from contacting anyone at all using the Camp Flintlock name, from utilizing the Camp Flintlock name in any way relating to marketing, advertising, etc., from using the Camp Flintlock (campfintlock.com or campflintlock.com) name in their on-line reservation system as was shown at the trial, from using the campflintlock.com domain . . . . until further Order of this Court."

consider the motions, and after a two-day hearing, the trial court took the matters under advisement.

The matter came on for trial on November 7, 2011. As a preliminary matter, the trial court granted the movant's motions, finding that the debtors were in willful contempt of its prior orders and that discovery sanctions were appropriate. Given the extent of the trial court's previous orders and nature of the debtors' misconduct, the trial court struck the debtors' answer and counterclaims, and entered default judgment in favor of the movant as to all of the debtors' claims and defenses. The trial court reserved the entry of a written order making the appropriate findings of fact and conclusions of law for a subsequent date.

Although default judgment had been entered, the trial court allowed the debtors to present evidence as to damages and causation. A jury trial ensued, concluding with a favorable verdict for the movant on all issues and awarded damages to the movant in excess of $600,000.00. The trial court instructed movant's counsel to draft a proposed final judgment and a proposed order relating to the contempt and discovery sanctions issues, and serve the same upon debtors' counsel. These documents were received by the trial court on December 2, 2011, and the debtors filed a response on December 8, 2011. The trial court scheduled a special session for January 17, 2012 to enter a final judgment for damages, a permanent injunction in favor of the movant, and a final order for contempt and discovery sanctions. However, on January 16, 2012, the debtors filed a voluntary petition for relief pursuant to chapter 7 of the Bankruptcy Code. Movant's counsel appeared before the trial court on January 17, 2012, seeking to determine if the trial court would proceed on the contempt matters.[5] The trial court

---

[5] Neither the debtors nor debtors' counsel appeared at this hearing.

3

advised that it would stay all matters, pending direction from this court. On January 19, 2012, the movant filed the present emergency motion for relief from the automatic stay, and the debtors filed an objection the following day.

## **DISCUSSION**

When a bankruptcy petition is filed, § 362(a)(1) stays "the commencement or continuation . . . of a judicial, administrative, or other action . . . against the debtor that was or could have been commenced before the commencement of the case under this title [.]" However, if a party in interest shows sufficient cause, the court shall grant the party relief from the stay. 11 U.S.C. § 362(d)(1). Furthermore, certain actions are exempt from the automatic stay, including "the commencement or continuation of a criminal action or proceeding against the debtor[.]" 11 U.S.C. § 362(b)(1).

The movant contends that the trial court is not stayed from moving forward with the contempt proceedings. The movant argues that the action in contempt seeks to punish the debtors for the direct violation of the trial court's previous orders, actions which cannot now be remedied. Because the purpose of such an action is to vindicate the court's authority, the movant argues that it is criminal in nature, and specifically exempt from the automatic stay, pursuant to § 362(b)(1).

Furthermore, the movant contends that a comparison of the parties' hardships is sufficient cause to the lift the automatic stay and allow all matters to return to the trial court. The movant argues that it will suffer great prejudice if the stay is not lifted. The movant points to the fact that after pending for nearly four years, the trial court had only one hearing remaining when the debtors sought the shield of the Bankruptcy Code. The movant has expended substantial

resources and energy while litigating this matter in the trial court. If the court does not allow the movant relief from the automatic stay, the movant will be forced to incur similar costs to relitigate these matters in this court. Furthermore, the movant contends that considerations of judicial economy also support lifting the stay in this case. In comparison, the only prejudice against the debtors in lifting the stay is the possible execution of the judgment, which can be alleviated by requiring any judgment to return to this court for enforcement.

In response, the debtors argue that the underlying basis for the present motion is the movant's hope that an entry of final judgment for damages in the trial court would bind this court on the issue of dischargeability of the award. The debtors contend that such hope is unfounded, and if the present motion is allowed, any judgment obtained will be irrelevant for two reasons: (1) the jury was not instructed on—and there were no actual findings of fact on—the matter of fraud or any other claims that would support nondischargeability; and (2) even if a judgment had been based on fraud, because the debtors' answer was struck and default judgment was entered, the trial court's findings would not bind this court.[6] Based on the foregoing, the debtors argue that the motion is irrelevant and should be denied.

The court finds that sufficient cause exists in this case to the lift the automatic stay and allow the trial court to enter final judgment on all pending matters. Over the past four years, the trial court has expended substantial time and energy to bring these matters to a conclusion, and it was one day from doing so. It serves the interests of judicial economy and comity to allow the trial court to perform the largely ministerial task of entering final judgment. Furthermore, it

---

[6] The debtors rely on Sartin v. Macik, 535 F.3d 284 (4th Cir. 2008) as support for this position.

would be helpful to this court in future proceedings to have the precise rulings of the trial court documented in a written final order.

The court wants to be clear that while the stay is lifted with respect to entry of final judgment, the enforcement of any monetary judgment is stayed.  However, to the extent that the trial court's judgment applies to criminal contempt, enforcement of the sentence—whether it be imprisonment or fine—is not stayed pursuant to § 362(b)(1).  United States v. Troxler Hosiery Co., 41 B.R. 457, 462 (M.D.N.C. 1984), aff'd, 796 F.2d 723 (4th Cir. 1986).  Similarly, the trial is not barred from non-monetary enforcement of a permanent injunction.  Based on the foregoing, the movant's motion for relief from the automatic stay is **ALLOWED** with the above-stated limitations, and the debtors' objection is **OVERRULED**.

## END OF DOCUMENT